DAVID S. McLANE, SBN 124952
dmclane@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7600
Facsimile: (626) 844-7670

BRIAN A. VOGEL, SBN. 167413
Email: brian@bvogel.com
THE LAW OFFICES OF
BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, California 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK ALLEN CANNAVAN, on behalf of himself and all other similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>COUNTY OF VENTURA, VENTURA COUNTY SHERIFF BILL AYUB, and DOES 1-10, inclusive,<br><br>*Defendants*. | Case No.:<br><br>**CLASS ACTION**<br><br>**VERIFIED CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>1. VIOLATION OF FIRST AMENDMENT RIGHT TO VOTE (42 U.S.C. § 1983/28 U.S.C. 2241)<br>2. VIOLATION OF EQUAL PROTECTION CLAUSE UNDER FOURTEENTH AMENDMENT, ONE PERSON, ONE VOTE (42 U.S.C. § 1983/28 U.S.C. 2241)<br>3. VIOLATON OF CALIFORNIA CONSTITUTION (ARTICLE II, SECTION ONE (RIGHT TO VOTE)<br>4. DECLARATORY RELIEF (28 U.S.C. §§ 2201 AND 2202)<br>5. DECLARATORY RELIEF (CAL. CODE CIV. PROC. § 1060)<br><br>**IMMEDIATE RELIEF SOUGHT** |

1

# CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. Voting in a federal election is protected through the federal constitution as an expression of a person's First Amendment Rights, and the Equal Protection Clause of the Fourteenth Amendment. Persons not convicted of felonies who reside in jail have rights under the federal constitution and the state constitution, CA. Constitution Article II, Section I, to vote. *See* https://www.sos.ca.gov/elections/voting-resources/voting-california/who-can-vote-california/voting-rights-californians.

2. The California Secretary of State, who is in charge of California State elections, explicitly states that, "Persons with a criminal history who can register to vote in county jail: serving a misdemeanor sentence," "a misdemeanor never affects your right to vote." *See* https://www.sos.ca.gov/elections/voting-resources/voting-california/who-can-vote-california/voting-rights-californians. *See,* Exhibit A, "Voting Rights, Persons with Criminal History," by the Secretary of State. Further, the Secretary of State states, "If you are in jail, you are entitled to receive a voter registration card if you are eligible to vote." *Id.* Finally, the Secretary of State states, "You may also apply to register to vote on the Secretary of State website RegisterTo/vote.ca.gov. Your voter registration application must be received or post marked at least (15) days before Election Day to be eligible to vote in that election. In elections coordinated by a county elections official, you can 'conditionally register and vote provisionally at your county elections office after the 15-day voter registration deadline.'" *Id.*

3. Plaintiff Patrick Allen Cannavan is an individual held at the Ventura County Todd Road Facility, located in Santa Paula, CA. As alleged in more detail below, he has requested his ballot, and the County Jail is obligated to provide him a ballot, allow him to timely vote, and deliver the ballot to the Ventura County Registrar. He is eligible to vote as he is over 18 and does not have a criminal record. They have not provided him a ballot despite his request, and have informed him he will not receive a ballot. As discussed below, this violates his First Amendment Right and Right to

Equal Protection under the United States Constitution, and his Right to Vote under Article II, Section 1 of the California Constitution. If he is not allowed to vote, he will suffer irreparable harm.

4. Plaintiff has spoken to other inmates at the VCJ, who have been similarly denied their right to vote, and he estimates that there are at least 100 inmates who have requested their ballots, eligible to vote and are being denied their ballots. If they are not allowed to vote, they will suffer irreparable harm. Thus, Plaintiff requests that this court certify this class to represent all eligible voters in Ventura County Jail. Beside the Todd Road Facility in Santa Paula, there is the Main Jail on Victoria Avenue, the East-Ventura County Jail, on Olsen Road in Thousand Oaks, and the Ventura County Jail, Honor Farm, Ojai California. Each facility houses persons either with misdemeanors or are pre-trial detainees who have not been convicted of an offense, who are eligible to vote and are part of the proposed class.

## JURISDICTION AND VENUE

5. This is a civil rights action arising under 42 U.S.C. § 1983, 22 U.S.C. § 2241, and 28 U.S.C. § 2201, *et seq*., as well as the First and Fourteenth Amendments to the United States Constitution.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a), 28 U.S.C. § 2241

7. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to these claims occurred and continue to occur in this district.

8. Declaratory relief is proper under 28 U.S.C. §§ 2201 and 2202, and Cal. Civ. Proc. § 1060.

## PARTIES

9. Plaintiff Patrick Allen Cannavan is a 56-year-old male who currently resides in Ventura County, California. At all times relevant to this Complaint, Mr. Cannavan has been in the custody of the Todd Road Facility located in Santa Paula, CA

in Ventura County, California. He has been deprived of his constitutional right to vote.

10. Defendant Ventura County ("County") is a public entity organized and existing under the laws of the State of California. The Ventura County Sheriff's Department ("VCSD") is, and at all times alleged herein, was an agency of the County of Los Angeles. Defendant County controls and operates the Ventura County's jails via the VCSD and Sheriff Bill Ayub. The County is responsible for the custody and care of all persons detained or incarcerated in the County's jails, and it currently has immediate custody over Plaintiff Patrick Cannavan(hereinafter "Plaintiff") and other putative class members. Ventura County, through the VCSD, maintains and operates the following detention and correctional facilities: Ventura County Main Pre-Trial Detention Facility located on Victoria Avenue, Ventura, CA, Todd Road Facility located on Todd Road, Santa Paula, CA, Ventura County Jail Honor Farm, Ojai, CA, and East Ventura County Jail, Thousands, Oaks, Ca.   This complaint and request for an emergency temporary restraining order and preliminary injunction covers all detainees in these four facilities eligible to vote.

11. Defendant Sheriff Bill Ayub is the Sheriff of the Ventura County Sheriff's Department and is being sued in his official capacity. As the Sheriff, Defendant Ayub has immediate custody of Plaintiff, and all people incarcerated in County facilities. Defendants Ayub is a policymaker for the County, and is responsible for developing, administering, and enforcing County policies, including those relating to ensuring all detainees eligible to vote can exercise their fundamental rights to vote.

**FACTUAL ALLEGATIONS**

12. There is a state and federal election set for November 3, 2020, perhaps one of the most consequential elections in the history of this country.  Not only are federal offices including president and congressman are on the ballot, important California propositions are on the ballot that are impactful on a population in jail facing charges, such as Proposition 25, concerning cash bail, Proposition 20, concerning a roll back of prison reforms including Proposition 47 which classified some felonies as

misdemeanors, such as drug possession, which is of immediate concern to pre-trial detainees facing criminal charges and how to resolve them, and Proposition 17, restoring the voting rights of people convicted of felonies who are on parole.

13. As alleged herein, Plaintiff and putative class members who are eligible to vote have been denied their right to vote by Defendant County and Defendant Sheriff Ayub.

14. Plaintiff Patrick Allen Cannavan is currently incarcerated at the Todd Road Facility, part of the VCJ. He is a resident of Ventura County and has been incarcerated pre-trial at VCJ for 839 days or two years and three months approximately, awaiting trial on felony charges.

15. He is eligible to vote, as he is over 18 years old, and does not have a felony conviction. He applied for an absentee ballot and has been requesting an absentee ballot from officials at the Ventura County Jail since June 3, 2020. He was informed by jail officials on numerous occasions that they would get him an absentee ballot, so he could vote in time for the Tuesday, November 3, 2020 election.

16. Sheriff officials told him that they made a mistake and would not be able to get him an absentee ballot and deliver it to the county registrar so his vote would be counted on Tuesday, November 3, 2020 election. He will suffer irreparable harm and damages if he is not allowed to vote on November 3, 2020.

17. Plaintiff is requesting, on his behalf and all eligible voters in the County jail, that this Court order the County to 1) obtain his and all eligible voters in VCJ custody absentee ballots immediately, 2) notify all inmates in VCJ who are have requested an absentee ballot or are eligible to vote that they can vote in the November 3, 2020 election, 3) deliver an absentee ballot to Plaintiff and any inmates in VCJ who have requested a ballot after being informed by VCJ officials that they can vote, no later than Monday, November 2, 2020 so that Plaintiff and other VCJ detainees can fill out their absentee ballot, and 4) after completion, deliver to the Ventura County Voter's registrar his ballot and every other eligible VCJ detainee ballot no later than 5:00 p.m.

on November 3, 2020, so that all eligible VCJ detainees who desire to vote and fill out an absentee ballot are timely counted in this year's election.

18. If this temporary restraining order is not granted, Plaintiff and all other detainees who are eligible to vote will suffer irreparable harm as their fundamental rights to vote will be violated. His and others equal protection rights will also be violated since they are eligible to vote, and he should not be deprived of equal protection solely because he and the other putative plaintiffs are currently being detained in jail.

19. Plaintiff is informed and believe that there are at least 100 other inmates in VCJ who have requested ballots and are eligible to vote, but have not received their ballots. He has not observed anyone at the Main Jail being able to fill out an absentee ballot.

## CLASS ACTION ALLEGATIONS

20. The named Plaintiff brings this action on behalf of himself and all others similarly situated as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(2).

21. Plaintiff Patrick Allen Cannavan seeks to represent a class of all current detainees in pretrial custody, at all County jails who, are eligible to vote in the November 3, 2020 election.

22. This action is brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23(a).

23. Plaintiff is informed and believes that as of October 30, 2020 there are at least 100 members of the class in VCJ who are eligible to vote and requested ballots, which meets the numerosity requirement of Federal Rule of Civil Procedure 23(a).

24. Joinder of all members is impracticable, as all members are not ascertainable at this time to be joined on such short notice. Counsel for Plaintiff and the

putative class were not informed of the deprivation of Plaintiff's and other putative class members denial of their right to vote by failing to provide absentee ballots until October 29, 2020. Joinder is impracticable because the class members are numerous; the class includes future, unknown members; and the class is fluid due to the inherently transitory nature of pretrial incarceration. Certifying the class supports judicial economy.

25. Common questions of law and fact exist as to all members of the class respectively. The named Plaintiffs seek common declarative and injunctive relief concerning whether Defendants' policies, practices, and procedures violate the constitutional rights of the class members. These common questions of fact and law include, but are not limited to:

    1) Whether Defendants' practices in failing to timely provide absentee ballots violate Plaintiff and the putative class members fundamental rights to vote.

26. Plaintiff's claims are typical of the class members' claims, because each putative class member who is eligible to vote in the November 3, 2020 election has not been provided a ballot, so they are deprived of their fundamental right to vote. Plaintiff and the putative class members' claims all arise from the same core of conduct by Defendants, and are based on the same legal theories. All class members seek the same declaratory and injunctive relief.

27. The Plaintiff is an adequate representative of the class because he shares with them the same interest in voting in the 2020 election. There are no known conflicts of interest among members of the proposed class, and the interests of the named Plaintiff does not conflict with the class members.

28. Plaintiff is s represented by counsel with experience and success in litigating complex civil rights matters in federal court. The interests of the members of the class will be fairly and adequately protected by the named Plaintiff and their attorneys.

29. Because the putative class challenges Defendants' system as

unconstitutional through declaratory and injunctive relief that would apply the same relief to every member of the class, and Defendants have acted on grounds generally applicable to all proposed class members, certification under Rule 23(b)(2) is appropriate and necessary.

30. A class action is a superior means, and the only practicable means, by which the named Plaintiff and class members can challenge the Defendants' unconstitutional actions and obtain the necessary immediate declaratory and injunctive relief sought for themselves and all other members of the class.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (42 U.S.C. § 1983: First Amendment Right to Vote)

31. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 30 as if fully set forth in this Count.

32. The right to vote is the "fundamental political right, because [it is] preservative of all rights." *Yick Wo v. Hopkins,* 118 U.S. 356, 370 (1886). "Undoubtably, the right of suffrage is a fundamental matter in a fee and democratic society." *Reynolds.* Sims, 377 U.S. 533, 561-62 (1964).

33. A prison official's objective deliberate indifference to a substantial risk of harm to a prisoner awaiting trial violates the Fourteenth Amendment. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

34. And when a case "calls[s] upon" the Court "to consider the constitutionality of [a burden on the right to vote] as applied [.]. . . [t]here is no 'litmus-paper test' to answer the[e] question" of constitutionality. *Yan v. Kosinkski,* 960 F.3d 119, 129 (2nd Cir. 2020), *quoting Anderson v. Celebrezze,* 460 U.S. 780, 789 (1983). Rather, the Court "conduct[s] a two-step inquiry that applies to election-related restrictions." *Id.* In the first sate, the Court evaluates the burden the restriction place on voters and in the second applies the sliding-scale, "*Anderson-Burdick* balancing test" if the restriction is not severe and "the more familiar test of 'strict-scrutiny if the restriction is severe. *Id.*

35. The burden on detainees who are dependent on County officials to obtain their ballots for them, and County defendants' failure to do so, is severe because Plaintiff and putative class members are detained and cannot obtain absentee ballots on their own, and Defendants failure to do so causes the ultimate sanction, preventing Plaintiffs from voting. Thus, the deprivation is severe and subject to strict scrutiny. Where the County Defendants are in a position to obtain absentee ballots and fail to do so without justification, there is no compelling interest achieved by not honoring Plaintiffs' fundamental rights to vote and therefore unless they provide ballots immediately to all eligible detained voters in Ventura County custody, they will have irreparably caused damage to Plaintiffs.

36. As a result of Defendants' unconstitutional actions, Plaintiffs are suffering irreparable injury and are entitled to injunctive relief.

37. Accordingly, Defendants, as supervisors, direct participants, and policy makers for Los Angeles County, have violated the rights of the Class under First Amendment.

## SECOND CAUSE OF ACTION
**(42 U.S.C. § 1983: Equal Protection and One Person/One Vote)**

38. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 37 as if fully set forth herein.

39. The principle of "one person, one vote" requires that courts seek to "[e]nsure that each person's vote counts as much, insofar as it [i]s practicable, as any other person's" *Hadley v. Junior Coll. Dist. Of Metro. Kan. City,* 397 U.S. 50, 54 (1970).

40. And the Equal Protection Clause of the Fourteenth Amendment requires "that all persons similarly situated [] be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Indeed, "[a]n early case in our one person, one vote jurisprudence arose when a State accorded arbitrary and disparate treatment to

voters in is difference counties [and t]he [Supreme] Court found a constitutional violation. *Bush v. Gore,* 531 U.S. 98, 107 (2000), *describing Gray v. Sanders,* 372 U.S. 368 (1963).

41.   The Supreme Court has also already ruled that, once absentee voting is part of the scheme for elections, all absentee votes must have similar guarantees that their votes count as much as possible, the same as any other person's. *O'Brien v. Skinner,* 414 U.S. 524, 530 (1974).

42.   Plaintiffs are dependent on absentee ballots since they are detained against their will on jail, and particularly dependent on official actors, Defendant Sheriff and County, to ensure that their votes will counts as much as possible, the same as any other person's. Without being provided their ballots by the County, they will not be able to vote at all, and they are "simply not allowed to use the absentee ballot and are denied any alternative means of casting their vote," and thus the Defendants' actions are unconstitutional. *O'Brien v. Skinner,* 414 U.S. 524, 430 (1974)(failure to provide absentee voter registration to people held in jail awaiting trial is unconstitutional).

43.   Under the *Obrien v. Skinner* rule, the Defendants have violated Plaintiffs' rights, the Plaintiffs are more than likely to succeed on the merits, they will be irreparably harmed, thus injunctive and declaratory relief must issue immediately before the election by November 2, 2020, so that Plaintiffs are provided absentee ballots by November 2, 2020, and the Defendants collect those ballots and ensure they are timely delivered to the County Registrar by November 3, 2020.

**THIRD CAUSE OF ACTION**

**Violation of California Constitution Art. II § 1**

**(Violation of Right to Vote under California Constitution)**

44.   Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 43 as if fully set forth herein.

45.   Defendants owe Plaintiffs a duty under Article II, section 1 of the California

Constitution, which guarantees eligible voters their fundamental rights to vote under the California Constitution, which guarantees Plaintiffs to vote by absentee ballot.

46. By the conduct described herein, Defendants violated these rights guaranteed to Plaintiffs. As a direct and proximate consequence of Defendants' conduct, Plaintiffs suffered a loss of their constitutional rights and are entitled to injunctive and relief.

47. Defendants have been and are aware of all the deprivations complained of herein, and have condoned or been deliberately indifferent to such conduct.

### FOURTH CAUSE OF ACTION
### (Declaratory Relief:  28 U.S.C. §§ 2201 AND 2202)

48. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 47 as if fully set forth herein.

49. There is an actual controversy between Plaintiffs and Defendants concerning their respective rights and duties in that Petitioner contends that the acts of Defendants, as described herein, are in violation of federal and state law, and Defendants contend in all aspects to the contrary.

50. Plaintiffs are entitled to a legal declaration of their rights and Defendants' obligations under applicable federal and state law as alleged in this petition/complaint.

### FIFTH CAUSE OF ACTION
### (Declaratory Relief:  CAL. CODE CIV. PROC. § 1060)

51. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 50 as if fully set forth herein.

52. There is an actual controversy between Plaintiffs and Defendants concerning their respective rights and duties in that Petitioner contends that the acts of Defendants, as described herein, are in violation of federal and state law, and Defendants contend in all aspects to the contrary.

53. Plaintiffs are entitled to a legal declaration of their rights and Defendants'

obligations under applicable federal and state law as alleged in this petition/complaint.

Plaintiffs request relief, as set forth below.

## PRAYER FOR RELIEF

54. WHEREFORE, Plaintiffs and the Class Members respectfully request that the Court:

    A. Certify this case as a class action and certify the proposed classes and subclasses;

    B. Enter a declaratory judgment that Defendants violated Named Plaintiff's and Class Members' constitutional rights by failing to provide absentee ballots so that they can vote absentee in the November 3, 2020 election.

    C. Enter an emergency temporary restraining order, preliminary injunction, and permanent injunction requiring Defendants, in County jails to do the following:

That this Court order the County to 1) obtain Plaintiff's and all eligible voters in VCJ custody absentee ballots immediately, 2) notify all inmates in VCJ who have requested an absentee ballot or are eligible to vote that they can vote in the November 3, 2020 election, 3) deliver an absentee ballot to Plaintiff and any inmates in VCJ who have requested a ballot after being informed by VCJ officials that they can vote, no later than Monday, November 2, 2020 so that Plaintiff and other VCJ detainees can fill out their absentee ballot, and 4) after completion, deliver to the Ventura County Voter's registrar Plaintiff's ballot and every other eligible VCJ detainee ballot no later than 5:00 p.m. on November 3, 2020, so that all eligible VCJ detainees who desire to vote and fill out an absentee ballot are timely counted in this year's election.

    D.    Enter an order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 or as otherwise authorized by law;

    E.    Order such other and further relief as this Court deems just, proper, and equitable.

Respectfully Submitted,

Dated: OCTOBER 30, 2020    Kaye, McLane, Bednarski & Litt, LLP

By: /s/ David S. McLane
    David S. McLane
    Attorneys for Petitioners/Plaintiffs

Dated: OCTOBER 30, 2020    The Law Offices of Brian A. Vogel, PC

By: /s/ Brian A. Vogel
    Brian A. Vogel

Counsel for Plaintiff, David S. McLane, verifies the allegations in this Complaint and is informed and believes the allegations are true and correct to the best of his knowledge based on information provided by Plaintiff and Co-counsel Brian S. Vogel, and the declarations submitted concurrently herewith as well as the Secretary of State website.

Dated: OCTOBER 30, 2020    By: /S/ David S. McLane
    David S. McLane

# EXHIBIT A



# VOTING RIGHTS
Persons with a Criminal History



### ELIGIBILITY REQUIREMENTS

You can register to vote and vote if you are:

- A United States citizen and a resident of California,
- 18 years old or older on Election Day,
- Not currently in state or federal prison or on parole for the conviction of a felony, and
- Not currently found mentally incompetent to vote by a court (for more information, please see [Voting Rights: Persons Subject to Conservatorship](#)).

### PERSONS WITH A CRIMINAL HISTORY WHO CAN REGISTER AND VOTE:

- In county jail:
  - Serving a misdemeanor sentence (a misdemeanor never affects your right to vote)
  - Because jail time is a condition of probation (misdemeanor or felony)
  - Serving a felony jail sentence
  - Awaiting trial
- On probation
- On mandatory supervision
- On post-release community supervision
- On federal supervised release
- A person with a juvenile wardship adjudication

### PERSONS WITH A CRIMINAL HISTORY WHO CANNOT REGISTER AND VOTE:

- Currently imprisoned in:
  - State prison
  - Federal prison
- Currently serving a state prison felony sentence in a county jail or other correctional facility*
- Currently on parole with the California Department of Corrections and Rehabilitation
  - Once you are done with parole your right to vote is restored, but you must re-register online at RegisterToVote.ca.gov or by filling out a paper voter registration card.

### ADDITIONAL INFORMATION

Under the 2011 Criminal Justice Realignment Act (Realignment) and specifically California Penal Code section 1170(h), low-level felons are sentenced to county jail and/or supervision by the county probation department instead of state prison. Realignment has caused some confusion about voting rights among people who have criminal convictions. The chart above provides an explanation of who can and who cannot register to vote in California.

*California Penal Code section 2910 allows the California Department of Corrections and Rehabilitation (CDCR) to make agreements with local governments to house felons in a county jail or other correctional facility. A person serving a state prison sentence who is housed in a local jail or other facility under these circumstances is not allowed to register and vote.

### QUESTIONS

If you are unsure of what type of sentence you are serving, ask your probation officer, parole officer, or staff at your correctional facility.



**California Secretary of State Alex Padilla**
Tel 916.657.2166 | Fax 916.653.3214 | www.sos.ca.gov

## HOW TO REGISTER TO VOTE

You may request a voter registration card from the Secretary of State or your county elections office. If you are in jail, you are entitled to receive a voter registration card if you are eligible to vote.

You may also apply to register to vote on the Secretary of State's website RegisterToVote.ca.gov. Your voter registration application must be received or postmarked at least fifteen (15) days before Election Day to be eligible to vote in that election. In elections conducted by your county elections official, you can "conditionally" register and vote provisionally at your county elections office after the 15-day voter registration deadline. For more information please go to the Secretary of State's webpage on conditional registration and voting ([www.sos.ca.gov/elections/voter-registration/conditional-voter-reg/](www.sos.ca.gov/elections/voter-registration/conditional-voter-reg/)) or contact your county elections official.

Voter registration cards and voting materials are available in English, Chinese, Hindi, Japanese, Khmer, Korean, Spanish, Tagalog, Thai, and Vietnamese. Voter registration cards are available at most public libraries and government offices. See the attached list for state and local elections office contact information.

## VOTE BY MAIL

If you are already registered to vote at your current home address, you may request a vote-by-mail ballot application by contacting your county elections office. Once you receive your vote-by-mail ballot application, you must complete and return it to your county elections office at least seven (7) days before Election Day.

If you are not registered to vote at your current home address, you may register or re-register to vote and request a vote-by-mail ballot on the Secretary of State's website RegisterToVote.ca.gov.

## RELEASE FROM CUSTODY

If you requested a vote-by-mail ballot but are released from custody before you receive your ballot, you can still vote. Just go to the polling place for your home address or any polling place in the county where you are registered and vote a provisional ballot.

If you change your name, home address, mailing address, or party preference you must complete a new voter registration card.

## RESOURCES

For more information contact your county elections office or the California Secretary of State:

## VOTER HOTLINES

| | |
|---|---|
| English | (800) 345-VOTE (8683) |
| Español / Spanish | (800) 232-VOTA (8682) |
| Chinese / 中文 | (800) 339-2857 |
| Hindi / हिन्दी | (888) 345-2692 |
| Japanese / 日本語 | (800) 339-2865 |
| Khmer / ខ្មែរ | (888) 345-4917 |
| Korean / 한국어 | (866) 575-1558 |
| Tagalog | (800) 339-2957 |
| Thai / ภาษาไทย | (855) 345-3933 |
| Vietnamese / Việt ngữ | (800) 339-8163 |
| TTY/TDD | (800) 833-8683 |

# CALIFORNIA COUNTY ELECTIONS OFFICES

**ALAMEDA**
1225 Fallon Street, Room G-1
Oakland, CA 94612
(510) 272-6933

**ALPINE**
P.O. Box 158
Markleeville, CA 96120
(530) 694-2281

**AMADOR**
810 Court Street
Jackson, CA 95642
(209) 223-6465

**BUTTE**
155 Nelson Ave
Oroville, CA 95965-3411
(530) 538-7761

**CALAVERAS**
891 Mountain Ranch Road
San Andreas, CA 95249
(209) 754-6376

**COLUSA**
546 Jay Street, Suite 200
Colusa, CA 95932
(530) 458-0500

**CONTRA COSTA**
P.O. Box 271
Martinez, CA 94553
(925) 335-7800

**DEL NORTE**
981 H Street, Room 160
Crescent City, CA 95531
(707) 465-0383

**EL DORADO**
P.O. Box 678001
Placerville, CA 95667
(530) 621-7480

**FRESNO**
2221 Kern Street
Fresno, CA 93721
(559) 600-8683

**GLENN**
516 W. Sycamore Street
Willows, CA 95988
(530) 934-6414

**HUMBOLDT**
2426 6th Street
Eureka, CA 95501
(707) 445-7481

**IMPERIAL**
940 W. Main Street, Suite 206
El Centro, CA 92243
(442) 265-1060

**INYO**
P.O. Drawer F
Independence, CA 93526
(760) 878-0224

**KERN**
1115 Truxtun Avenue
Bakersfield, CA 93301
(661) 868-3590

**KINGS**
1400 W. Lacey Blvd.
Hanford, CA 93230
(559) 852-4401

**LAKE**
255 N. Forbes Street
Lakeport, CA 95453
(707) 263-2372

**LASSEN**
220 S. Lassen Street, Suite 5
Susanville, CA 96130
(530) 251-8217

**LOS ANGELES**
P.O. Box 1024
Norwalk, CA 90651-1024
(562) 466-1310

**MADERA**
200 W. 4th Street
Madera, CA 93637
(559) 675-7720

**MARIN**
P.O. Box E
San Rafael, CA 94913-3904
(415) 473-6456

**MARIPOSA**
P.O. Box 247
Mariposa, CA 95338
(209) 966-2007

**MENDOCINO**
501 Low Gap Road, Rm 1020
Ukiah, CA 95482
(707) 234-6819

**MERCED**
2222 M Street, Room 14
Merced, CA 95340
(209) 385-7541

**MODOC**
108 E. Modoc Street
Alturas, CA 96101
(530) 233-6205

**MONO**
P.O. Box 237
Bridgeport, CA 93517
(760) 932-5537

**MONTEREY**
P.O. Box 4400
Salinas, CA 93912
(831) 796-1499

**NAPA**
900 Coombs St Ste 256
Napa, CA 94559
(707) 253-4321

**NEVADA**
950 Maidu Avenue, Suite 250
Nevada City, CA 95959
(530) 265-1298

**ORANGE**
P.O. Box 11298
Santa Ana, CA 92711
(714) 567-7600

**PLACER**
P.O. Box 5278
Auburn, CA 95604
(530) 886-5650

**PLUMAS**
520 Main Street, Room 102
Quincy, CA 95971
(530) 283-6256

**RIVERSIDE**
2724 Gateway Drive
Riverside, CA 92507-0918
(951) 486-7200

**SACRAMENTO**
7000 65th Street, Suite A
Sacramento, CA 95823-2315
(916) 875-6451

**SAN BENITO**
440 Fifth Street, Room 206
Hollister, CA 95023-3843
(831) 636-4016

**SAN BERNARDINO**
777 E. Rialto Avenue
San Bernardino, CA 92415-0770
(909) 387-8300

**SAN DIEGO**
P.O. Box 85656
San Diego, CA 92186-5656
(858) 565-5800

**SAN FRANCISCO**
1 Dr. Carlton B. Goodlett Place, Room 48
San Francisco, CA 94102-4635
(415) 554-4375

**SAN JOAQUIN**
P.O. Box 810
Stockton, CA 95201
(209) 468-2885

**SAN LUIS OBISPO**
1055 Monterey Street, Room D-120
San Luis Obispo, CA 93408
(805) 781-5228

**SAN MATEO**
40 Tower Road
San Mateo, CA 94402
(650) 312-5222

**SANTA BARBARA**
P.O. Box 61510
Santa Barbara, CA 93160-1510
(805) 568-2200

**SANTA CLARA**
P.O. Box 611360
San Jose, CA 95161-1360
(408) 299-8683

**SANTA CRUZ**
701 Ocean Street, Room 210
Santa Cruz, CA 95060-4076
(831) 454-2060

**SHASTA**
P.O. Box 990880
Redding, CA 96099-0880
(530) 225-5730

**SIERRA**
P.O. Drawer D
Downieville, CA 95936-0398
(530) 289-3295

**SISKIYOU**
510 N. Main Street
Yreka, CA 96097-9910
(530) 842-8084

**SOLANO**
675 Texas Street, Suite 2600
Fairfield, CA 94533
(707) 784-6675

**SONOMA**
P.O. Box 11485
Santa Rosa, CA 95406-1485
(707) 565-6800

**STANISLAUS**
1021 I Street, Suite 101
Modesto, CA 95354-2331
(209) 525-5200

**SUTTER**
1435 Veterans Memorial Circle
Yuba City, CA 95993
(530) 822-7122

**TEHAMA**
P.O. Box 250
Red Bluff, CA 96080-0250
(530) 527-8190

**TRINITY**
P.O. Box 1215
Weaverville, CA 96093-1258
(530) 623-1220

**TULARE**
5951 S. Mooney Blvd.
Visalia, CA 93277
(559) 624-7300

**TUOLUMNE**
2 S. Green Street
Sonora, CA 95370-4696
(209) 533-5570

**VENTURA**
800 S. Victoria Avenue, L-1200
Ventura, CA 93009-1200
(805) 654-2664

**YOLO**
P.O. Box 1820
Woodland, CA 95776-1820
(530) 666-8133

**YUBA**
915 8th Street, Suite 107
Marysville, CA 95901-5273
(530) 749-7855