DAVID S. McLANE, SBN 124952
dmclane@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7600
Facsimile: (626) 844-7670

BRIAN A. VOGEL, SBN. 167413
Email: brian@bvogel.com
THE LAW OFFICES OF
BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, California 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PATRICK ALLEN CANNAVAN,

*Plaintiffs,*

vs.

COUNTY OF VENTURA, VENTURA COUNTY SHERIFF BILL AYUB, and DOES 1-10, inclusive,

*Defendants*

**[Emergency filing for November 3, 2020 election needs to be heard by November 2, 2020]**

**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF FILED CONCURRENTLY WITH DECLARATIONS OF PATRICK CANNAVAN, BRIAN A. VOGEL, DAVID S. MCLANE; [PROPOSED] ORDER**

Plaintiffs Patrick Allen Cannavan and the putative class members hereby apply *ex parte* to the Court pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65-1 for a Temporary Restraining Order restraining Defendants as follows:

Because the election is November 3, 2020, and counsel for Plaintiff only learned of the facts that form the basis of this action on October 29, 2020, Plaintiffs see immediate relief and a hearing on the TRO by November 2, 2020, or else Plaintiff and the putative class members will be irreparably harmed.

The grounds for this Application are more fully set forth in the Verified Complaint, Declarations, Exhibits and Memorandum in support of this application.

Good cause exists to issue the requested relief as follows:

> That this Court order the County to 1) obtain Plaintiff's and all eligible voters in VCJ custody absentee ballots immediately, 2) notify all inmates in VCJ who have requested an absentee ballot or are eligible to vote that they can vote in the November 3, 2020 election, 3) deliver an absentee ballot to Plaintiff and any inmates in VCJ who have requested a ballot after being informed by VCJ officials that they can vote, no later than Monday, November 2, 2020 so that Plaintiff and other VCJ detainees can fill out their absentee ballot, and 4) after completion, deliver to the Ventura County Voter's registrar Plaintiff's ballot and every other eligible VCJ detainee ballot no later than 5:00 p.m. on November 3, 2020, so that all eligible VCJ detainees who desire to vote and fill out an absentee ballot are timely counted in this year's election.

Pursuant to L.R. 7-19, the contact information for Defendants is the County Counsel, Ventura County, 800 S. Victoria Avenue, Ventura, CA 93009. Plaintiff's counsel will advise County Counsel of this complaint and request for a TRO.

Respectfully Submitted:

Respectfully Submitted,

Dated: OCTOBER 30, 2020

Kaye, McLane, Bednarski & Litt, LLP

By: */s/ David S. McLane*

David S. McLane

Attorneys for Petitioners/Plaintiffs

Dated: OCTOBER 30, 2020

The Law Offices of Brian A. Vogel, PC

By: */s/ Brian A. Vogel*

Brian A. Vogel

Attorneys for Petitioners/Plaintiffs

## I. ARGUMENT

Plaintiff and the putative class rely on the Verified Complaint which sets forth the relevant facts and establish that Plaintiff, and putative class members, who all have requested ballots to vote in the November 3, 2020 election, and are elibilbe to vote, are being denied their fundamental right because they have not been provided absentee ballots in time for the November 3, 2020 election.

As detailed in the complaint, a TRO is necessary, and must be issued by November 2, 2020, so that the following relief may be issued by this Court on a timely basis before the November 3, 2020 election:

> That this Court order the County to 1) obtain Plaintiff's and all eligible voters in VCJ custody absentee ballots immediately, 2) notify all inmates in VCJ who have requested an absentee ballot or are eligible to vote that they can vote in the November 3, 2020 election, 3) deliver an absentee ballot to Plaintiff and any inmates in VCJ who have requested a ballot after being informed by VCJ officials that they can vote, no later than Monday, November 2, 2020 so that Plaintiff and other VCJ detainees can fill out their absentee ballot, and 4) after completion, deliver to the Ventura County Voter's registrar Plaintiff's ballot and every other eligible VCJ detainee ballot no later than 5:00 p.m. on November 3, 2020, so that all eligible VCJ detainees who desire to vote and fill out an absentee ballot are timely counted in this year's election.

The basis for relief and the law supporting the requested relief is fully set out in the verified complaint, and more than justify the emergency relief requested, because Plaintiffs' first amendment rights, equal protection rights, rights under the

California State constitution are being violated by Ventura County and Sheriff Bill Ayub, defendants in this action.

As set forth in the verified complaint, the right to vote is the "fundamental political right, because [it is] preservative of all rights." *Yick Wo v. Hopkins,* 118 U.S. 356, 370 (1886). "Undoubtably, the right of suffrage is a fundamental matter in a fee and democratic society." *Reynolds.* Sims, 377 U.S. 533, 561-62 (1964).

A prison official's objective deliberate indifference to a substantial risk of harm to a prisoner awaiting trial violates the Fourteenth Amendment. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

And when a case "calls[s] upon" the Court "to consider the constitutionality of [a burden on the right to vote] as applied [.]. . . [t]here is no 'litmus-paper test' to answer the[e] question" of constitutionality. *Yan v. Kosinkski,* 960 F.3d 119, 129 (2nd Cir. 2020), *quoting Anderson v. Celebrezze,* 460 U.S. 780, 789 (1983). Rather, the Court "conduct[s] a two-step inquiry that applies to election-related restrictions." *Id.* In the first sate, the Court evaluates the burden the restriction place on voters and in the second applies the sliding-scale, "*Anderson-Burdick* balancing test" if the restriction is not severe and "the more familiar test of 'strict-scrutiny if the restriction is severe. *Id.*

The burden on detainees who are dependent on County officials to obtain their ballots for them, and County defendants' failure to do so, is severe because Plaintiff and putative class members are detained and cannot obtain absentee ballots on their own, and Defendants failure to do so causes the ultimate sanction, preventing Plaintiffs from voting. Thus, the deprivation is severe and subject to strict scrutiny. Where the County Defendants are in a position to obtain absentee ballots and fail to do so without justification, there is no compelling interest

achieved by not honoring Plaintiffs' fundamental rights to vote and therefore unless they provide ballots immediately to all eligible detained voters in Ventura County custody, they will have irreparably caused damage to Plaintiffs.

As a result of Defendants' unconstitutional actions, Plaintiffs are suffering irreparable injury and are entitled to injunctive relief.

Accordingly, Defendants, as supervisors, direct participants, and policy makers for Los Angeles County, have violated the rights of the Class under First Amendment.

The principle of "one person, one vote" requires that courts seek to "[e]nsure that each person's vote counts as much, insofar as it [i]s practicable, as any other person's" *Hadley v. Junior Coll. Dist. Of Metro. Kan. City,* 397 U.S. 50, 54 (1970).

And the Equal Protection Clause of the Fourteenth Amendment requires "that all persons similarly situated [] be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Indeed, "[a]n early case in our one person, one vote jurisprudence arose when a State accorded arbitrary and disparate treatment to voters in is difference counties [and t]he [Supreme] Court found a constitutional violation. *Bush v. Gore,* 531 U.S. 98, 107 (2000), *describing Gray v. Sanders,* 372 U.S. 368 (1963).

The Supreme Court has also already ruled that, once absentee voting is part of the scheme for elections, all absentee votes must have similar guarantees that their votes count as much as possible, the same as any other person's. *O'Brien v. Skinner,* 414 U.S. 524, 530 (1974).

Plaintiffs are dependent on absentee ballots since they are detained against their will on jail, and particularly dependent on official actors, Defendant Sheriff

and County, to ensure that their votes will counts as much as possible, the same as any other person's. Without being provided their ballots by the County, they will not be able to vote at all, and they are "simply not allowed to use the absentee ballot and are denied any alternative means of casting their vote," and thus the Defendants' actions are unconstitutional. *O'Brien v. Skinner,* 414 U.S. 524, 430 (1974)(failure to provide absentee voter registration to people held in jail awaiting trial is unconstitutional).

Under the *Obrien v. Skinner* rule, the Defendants have violated Plaintiffs' rights, the Plaintiffs are more than likely to succeed on the merits, they will be irreparably harmed, thus injunctive and declaratory relief must issue immediately before the election by November 2, 2020, so that Plaintiffs are provided absentee ballots by November 2, 2020, and the Defendants collect those ballots and ensure they are timely delivered to the County Registrar by November 3, 2020.

## II. CONCLUSION

For the foregoing reasons, the Plaintiffs request that this TRO be granted by November 2, 2020.

Respectfully Submitted,

Dated: OCTOBER 30, 2020 Kaye, McLane, Bednarski & Litt, LLP

By: */s/ David S. McLane*

David S. McLane

Attorneys for Petitioners/Plaintiffs

Dated: OCTOBER 30, 2020

The Law Offices of Brian A. Vogel, PC

By: */s/ Brian A. Vogel*

Brian A. Vogel

Attorneys for Petitioners/Plaintiffs