DAVID S. McLANE, SBN 124952
dmclane@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7600
Facsimile: (626) 844-7670

BRIAN A. VOGEL, SBN. 167413
Email: brian@bvogel.com
THE LAW OFFICES OF
BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, California 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ALLEN CANNAVAN, on behalf of himself and all others similarly situated,<br><br>*Plaintiffs*,<br><br>vs.<br><br>COUNTY OF VENTURA, VENTURA COUNTY SHERIFF BILL AYUB, and DOES 1-10, inclusive,<br><br>*Defendants* | Case No.:<br><br>**CLASS ACTION**<br><br>**Ex PARTE APPLICATION FOR ORDER FOR CLASS CERTIFICATION; [PROPOSED] ORDER**<br><br>**[VERIFIED COMPLAINT, EX PARTE APPLICATON FOR TRO, PROPOSED ORDER FOR EX PARTE APPLICATION ON TRO, DECLARATIONS OF PATRICK CANNAVAN, DAVID S. MCLANE AND BRIAN A. VOGEL FILED IN SUPPORT OF AND CONCURRENTLY HEREWITH]**<br><br>**Date: __November 2, 2020**<br>**Time:__ TBD**<br>**Courtroom: _TBD** |

TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 2, 2020, Plaintiffs will, and hereby do, move this Court for an Order certifying: (1) a Rule (23(b)(2) injunctive relief class, defined as:

1.   Plaintiff is informed and believes that as of October 30, 2020 there are at least 100 members of the class in VCJ who are eligible to vote and requested ballots, so they can vote in the November 3, 2020 election.

Plaintiffs also request that class counsel be appointed to represent the class.

Respectfully Submitted,

Dated:  OCTOBER 30, 2020          Kaye, McLane, Bednarski & Litt, LLP


By: /s/ David S. McLane
       DAVID S. MCLANE
       Attorneys for Petitioners/Plaintiffs


Dated: OCTOBER 30, 2020          The Law Offices of Brian A. Vogel, PC


By: /s/ Brian A. Vogel
       BRIAN A. VOGEL
       Attorneys for Petitioners/Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    ARGUMENT**

Plaintiff and the putative class rely on the Verified Complaint which sets forth the relevant facts and establish that Plaintiff, and putative class members, who all have requested ballots to vote in the November 3, 2020 election, and are eligible to vote, are being denied their fundamental right because they have not been provided absentee ballots in time for the November 3, 2020 election.

Plaintiffs seek certification of one primary  injunctive relief class comprised of all Plaintiff is informed and believes that as of October 30, 2020 there are at least 100 members of the class in VCJ who are eligible to vote and requested ballots, so they can vote in the November 3, 2020 election.

The named plaintiff is Patrick Allen Cannavan, and as set forth in his declaration, there are more than 100 persons in the Ventura County Jail who are eligible to vote in the November 3, 2020 election and have requested ballots.

The grounds and evidentiary proof for relief are fully set forth in the Verified Complaint, the declaration of Patrick Cannavan, the declarations of counsel Brian A. Vogel and David S. McLane, and Exhibit A from the Secretary of State, establishing a jail inmates right to vote from jail.

As set forth in the verified complaint,

The right to vote is the "fundamental political right, because [it is] preservative of all rights." *Yick Wo v. Hopkins,* 118 U.S. 356, 370 (1886). "Undoubtably, the right of suffrage is a fundamental matter in a fee and democratic society." *Reynolds.* Sims, 377 U.S. 533, 561-62 (1964).

A prison official's objective deliberate indifference to a substantial risk of harm to a prisoner awaiting trial violates the Fourteenth Amendment. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

And when a case "calls[s] upon" the Court "to consider the constitutionality of [a burden on the right to vote] as applied [.]. . . [t]here is no 'litmus-paper test' to answer the[e] question" of constitutionality.  *Yan v. Kosinkski,* 960 F.3d 119, 129 (2nd Cir. 2020), *quoting Anderson v. Celebrezze,* 460 U.S. 780, 789 (1983).  Rather, the Court "conduct[s] a two-step inquiry that applies to election-related restrictions."  *Id.*  In the first sate, the Court evaluates the burden the restriction place on voters and in the second applies the sliding-scale, "*Anderson-Burdick* balancing test" if the restriction is not severe and "the more familiar test of 'strict-scrutiny if the restriction is severe.  *Id.*

The burden on detainees who are dependent on County officials to obtain their ballots for them, and County defendants' failure to do so, is severe because Plaintiff and putative class members are detained and cannot obtain absentee ballots on their own, and Defendants failure to do so causes the ultimate sanction, preventing Plaintiffs from voting.  Thus, the deprivation is severe and subject to strict scrutiny.  Where the County Defendants are in a position to obtain absentee ballots and fail to do so without justification, there is no compelling interest achieved by not honoring Plaintiffs' fundamental rights to vote and therefore unless they provide ballots immediately to all eligible detained voters in Ventura County custody, they will have irreparably caused damage to Plaintiffs.

As a result of Defendants' unconstitutional actions, Plaintiffs are suffering irreparable injury and are entitled to injunctive relief.

Accordingly, Defendants, as supervisors, direct participants, and policy makers for Los Angeles County, have violated the rights of the Class under First Amendment.

The principle of "one person, one vote" requires that courts seek to "[e]nsure that each person's vote counts as much, insofar as it [i]s practicable, as any other

2

person's" *Hadley v. Junior Coll. Dist. Of Metro. Kan. City,* 397 U.S. 50, 54 (1970).

And the Equal Protection Clause of the Fourteenth Amendment requires "that all persons similarly situated [] be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).   Indeed, "[a]n early case in our one person, one vote jurisprudence arose when a State accorded arbitrary and disparate treatment to voters in is difference counties [and t]he [Supreme] Court found a constitutional violation. *Bush v. Gore,* 531 U.S. 98, 107 (2000), *describing Gray v. Sanders,* 372 U.S. 368 (1963).

The Supreme Court has also already ruled that, once absentee voting is part of the scheme for elections, all absentee votes must have similar guarantees that their votes count as much as possible, the same as any other person's. *O'Brien v. Skinner,* 414 U.S. 524, 530 (1974).

Plaintiffs are dependent on absentee ballots since they are detained against their will on jail, and particularly dependent on official actors, Defendant Sheriff and County, to ensure that their votes will counts as much as possible, the same as any other person's.  Without being provided their ballots by the County, they will not be able to vote at all, and they are "simply not allowed to use the absentee ballot and are denied any alternative means of casting their vote," and thus the Defendants' actions are unconstitutional. *O'Brien v. Skinner,* 414 U.S. 524, 430 (1974)(failure to provide absentee voter registration to people held in jail awaiting trial is unconstitutional).

Under the *Obrien v. Skinner* rule, the Defendants have violated Plaintiffs' rights, the Plaintiffs are more than likely to succeed on the merits, they will be irreparably harmed, thus injunctive and declaratory relief must issue immediately before the election by November 2, 2020, so that Plaintiffs are provided absentee ballots by November 2, 2020, and the Defendants collect those ballots and ensure

3

they are timely delivered to the County Registrar by November 3, 2020.

## II.   CLASS ACTIONS ARE PARTICULARLY SUITABLE IN CIVIL RIGHTS CASES SEEKING INJUNCTIVE RELIEF

Under Rule 23(b)(2), a court may grant injunctive or declaratory relief when "the party opposing the class has acted or refused to act on grounds that apply generally to the class." Fed.R.Civ.P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class or as to none of them." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338,131 S. Ct. 2541, 2557, 180 L. Ed. 2d 374 (2011). A (b)(2) class runs to those who become members in the future.[1] Under Rule 23(b)(2), there is no requirement that common issues must predominate.

Rule 23(b)(2) "was drafted specifically to facilitate relief in civil rights suits" and is typically used in cases seeking injunctive or declaratory relief. *Newberg*, §25:20. Civil rights cases "are often by their very nature class suits involving class-wide wrongs." *East Texas Motor Freight, Inc. v. Rodriguez*, 431 U.S. 395, 405 (1977); *Newberg on Class Actions* (4th ed.2002) (hereafter "*Newberg*") §25:25 (criminal justice reform suits "are inherently class actions"). "Rule 23(b)(2) is often used for the prosecution of civil rights actions and is particularly suited for class actions challenging oppressive prison policies or conditions. *See Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) Cir.1998)." *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 213 (N.D. Cal. 2015).

Here, as set forth more fully in the complaint, Defendants' acted on grounds that apply generally to the class in failing to adopt constitutionally adequate measures to ensure that as required in California and the Secretary of State, that

---

[1] See, e.g., *Probe v. State Teachers' Retirement System*, 780 F.2d 776, 780 (9th Cir. 1986) (all males who are or will be employed in positions entitling them" to teacher pensions).

4

absentee ballots be distributed on a timely basis to eligible voters in jail so that they can exercise their fundamental rights to vote.

## III. PLAINTIFFS' PROPOSED CLASSES SATISFY THE REQUIRMENTS OF A CLASS ACTION

This lawsuit and the proposed classes meet all the requirements for class certification under Federal Rule of Civil Procedure 23(a). As explained in detail below, (1) the proposed class is so numerous that joinder of all members as parties is impracticable; (2) there are common questions of law or fact; (3) the claims of the proposed named plaintiffs are typical of those of the class; and (4) the named plaintiffs and their counsel will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); see also *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997). This action also meets the additional requirements for class certification set forth in Federal Rule of Civil Procedure 23(b)(2). See Section V. Although Plaintiffs establish below that they fully meet the requirements of class certification under established Rule 23 standards, the Ninth Circuit recognizes the availability of "provisional class certification for purposes of entering injunctive relief." *Carrillo v. Schneider Logistics, Inc.*, No. CV-11-8557 CAS, 2012 WL 556309, at *9 (C.D. Cal. Jan. 31, 2012), *aff'd,* 501 F. App'x 713 (9th Cir. 2012) (citing "*e.g., Baharona–Gomez v. Reno,* 167 F.3d 1228, 1233 (9th Cir.1999)). "Pursuant to Rule 23 and the Court's general equitable powers, the Court has authority to provisionally certify a class for purposes of entering preliminary injunctive relief." *Carrillo*, 2012 WL 556309, at *8.

Here, numerosity is met because there are over a hundred putative class members so joinder is impracticable, there are common questions since the only issue is whether eligible jail inmates are being deprived of their constitutional right to vote, Mr. Cannavan's claim is typical, he only wants to vote and so do the other inmates at the VCJ, and Mr. Cannavan will protect the interests of the class since

he brought this issue up to counsel and requests redress so all eligible VCJ inmate voters can vote in the November 3, 2020 election. Rule 23(a)(4)'s requirement for adequate representation is met because 1) there is no conflict of interest between the legal interests of the named Plaintiff and those of the proposed class; and 2) counsel for the Plaintiffs is competent to represent the class, as set forth in the declarations of counsel.

## III.    CONCLUSION

For all the reasons set out herein, Plaintiffs' Motion for Class Certification should be granted.

Respectfully Submitted,

Dated:  OCTOBER 30, 2020          Kaye, McLane, Bednarski & Litt, LLP


By: */s/ David S. McLane*
     DAVID S. MCLANE
     Attorneys for Petitioners/Plaintiffs


Dated: OCTOBER 30, 2020          The Law Offices of Brian A. Vogel, PC


By: */s/ Brian A. Vogel*
     BRIAN A. VOGEL
     Attorneys for Petitioners/Plaintiffs