1  MICHAEL WALKER, State Bar No. 150554
   County Counsel, County of Ventura
2  EMILY T. GARDNER, State Bar No. 246980
   Assistant County Counsel
3  800 South Victoria Avenue, L/C #1830
   Ventura, California 93009
4  Telephone:   (805) 654-2573
   Facsimile:   (805) 654-2185
5  E-mail:      emily.gardner@ventura.org

6  Attorneys, specially appearing for Defendants
   County of Ventura and Ventura County
7  Sheriff Bill Ayub

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12
   PATRICK ALLEN CANNAVAN,          )  No. 2:20 cv-10012 FMO(PVCx)
13                                   )
                  Plaintiffs,        )  DEFENDANTS' OPPOSITION TO
14       vs.                         )  EX PARTE APPLICATION FOR
                                     )  TEMPORARY RESTRAINING
15  COUNTY OF VENTURA,               )  ORDER
    VENTURA COUNTY SHERIFF           )
16  BILL AYUB, AND DOES 1-10,        )
    inclusive,                       )
17                                   )  Date:  TBD
                                     )  Time:       TBD
18                Defendants.        )  Ctrm:       TBD
                                     )  Judge: Hon. Fernando M. Olguin
19  _____  )
                                     )  Trial:           Not Set
20                                   )  Complaint Filed:   October 30, 2020
                                     )
21                                   )
                                     )
22                                   )
                                     )
23                                   )

24

25

26

27

28

                              i

# I

## OPPOSITION

The County of Ventura ("County") and Sheriff Bill Ayub (together, "Defendants") were not properly served with the complaint in this matter or the application for a temporary restraining order ("TRO").  In addition, in the application for a TRO, plaintiff's counsel represent that they "will advise County Counsel of this complaint and request for a TRO." (Ex parte application, p. 3, ll. 1-3.)  Plaintiff's counsel provided no notice to County Counsel.  Nonetheless, the Defendants, via special appearance, oppose the issuance of the TRO on the grounds that there is no legal or factual basis for the relief requested.

Plaintiff Patrick Cannavan requests that the court order the County to (1) obtain absentee ballots for Plaintiff and all eligible voters in Sheriff's Office custody immediately; (2) notify all inmates in Sheriff's Office custody who have requested an absentee ballot or are eligible to vote that they can vote in the November 3rd election; (3) deliver an absentee ballot to Plaintiff and any inmates in Sheriff's Office custody who have requested a ballot by November 2, 2020; and (4) and deliver Plaintiff's and other inmates' ballots to the registrar of voters by no later than 5 p.m. on November 3rd.

The relief Plaintiff has requested is neither authorized by law nor, as set forth in the attached declarations of Patricia Salas and Cecil Argue, necessary in light of the fact that the Ventura County Sheriff's Office already has processes and procedures in place to facilitate all inmate requests to register to vote and to receive absentee ballots and the fact that the Sheriff's Office has actively assisted Plaintiff Cannavan in obtaining a ballot.

As set forth in the declaration of Cecil Argue, for months, the Sheriff's Office has facilitated inmate requests to register to vote and to receive ballots.  The Sheriff's Office also facilitates the inmate's ability to fill in his or her ballot and

1

then returns the ballots to a ballot drop-off location.

The Sheriff's Office is not obligated to engage in voter outreach with its inmate population and does not have to make efforts to register voters or request ballots for inmates who make no such request.  Moreover, if an inmate has not yet requested to register to vote or receive an absentee ballot, it is too late to do so under state election law.  The deadline to register to vote was October 19, 2020, and the deadline to request an absentee ballot was October 27, 2020.  The Sheriff's Office cannot change those deadlines.

With respect to Plaintiff Cannavan, who was already registered to vote, as set forth in the Declaration of Patricia Salas, the Sheriff's Office has actively assisted him in getting a ballot delivered to the jail after it had been sent to his home address that the County Elections Division had on file.

Because the relief plaintiff seeks is both inappropriate and unnecessary, plaintiff's request for a temporary restraining order must be denied.

## II.

### Defendants' Evidentiary Objections to Declarations Submitted by Plaintiff

Defendants object to and move to strike the following portions of the following declarations on the grounds stated:

*Declaration of Patrick Cannavan:*

Paragraph 8, first sentence: Hearsay.

*Declaration of David S. McLane:*

Paragraph 2: Hearsay.

*Declaration of Brian A. Vogel:*

Paragraph 2: Hearsay.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**III**
**CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court deny the request for a TRO.

MICHAEL WALKER
County Counsel, County of Ventura

Dated: __October 31, 2020__    By_____/s/_____
                                    EMILY T. GARDNER
                                    Assistant County Counsel

Attorneys, specially appearing for Defendants
County of Ventura        and Ventura County
Sheriff Bill Ayub

**DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR TRO**