DAVID S. McLANE, SBN 124952
dmclane@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7600
Facsimile: (626) 844-7670

BRIAN A. VOGEL, SBN. 167413
Email: brian@bvogel.com
THE LAW OFFICES OF
BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, California 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ALLEN CANNAVAN,<br><br>     *Plaintiffs,*<br><br>vs.<br><br>COUNTY OF VENTURA, VENTURA COUNTY SHERIFF BILL AYUB, and DOES 1-10, inclusive,<br><br>     *Defendants* | **Case No.: 2:20-cv-10012-FMO-PVCx**<br><br>**REPLY BRIEF IN SUPPORT OF:**<br><br>**(1)EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION;**<br><br>**(2)EX PARTE APPLICATION FOR CLASS CERTIFICATION AND DESIGNATION OF CLASS COUNSEL;**<br><br>**(3)DECLARATIONS OF DAVID S. MCLANE;**<br><br>**(4)EXHIBITS** |

1

Plaintiffs Patrick Allen Cannavan and the putative class members hereby file the attached reply brief in support of its ex parte application for an emergency TRO, and ex parte application in support of its request for class certification and designation of class counsel.

Because the election is November 3, 2020, and counsel for Plaintiff only learned of the facts that form the basis of this action on October 29, 2020, Plaintiffs seek immediate relief and a hearing on the TRO by November 2, 2020, or else Plaintiff and the putative class members will be irreparably harmed.

In response to the Opposition, Plaintiffs agree that Ventura County does not need to, as part of the  TRO relief, notify all eligible voters in the VCJ who are eligible voters that they can vote, i.e., they do not need to engage in voter outreach, although that might be something that is requested by Plaintiffs in a preliminary injunction.  However, Plaintiffs have requested a class be certified as follow:

"Plaintiffs seek certification of one primary  injunctive relief class comprised of all Plaintiff is informed and believes that as of October 30, 2020 there are at least 100 members of the class in VCJ who are **eligible to vote** and **requested ballots**, so they can vote in the November 3, 2020 election."  This is narrowly tailored relief to those who actually asked for a ballot from the County.

We are not seeking to certify as a class any eligible voter in the jail, but we are seeking certification, and relief that all detainees who are **eligible to vote** and **requested ballots (even those who have not registered since California provides for same day voting registration)**, be provided absentee ballots by tomorrow, be allowed to complete them, and the Ventura County Sheriff drop them off at the County Registrar which also is a polling place, at the County Administration Office located at 800 S. Victoria, Ventura, CA, which is literally walking distance or a couple hundred yards from the Main Jail, also located at 800 S. Victoria, Ventura,

CA., including for those who requested ballots but have not been registered to vote by the County.

Plaintiffs modify their TRO request as follows:

That this Court order the County to 1) obtain Plaintiff's and all eligible voters who have requested to vote in VCJ custody absentee ballots immediately, 2) notify all inmates in VCJ who have requested an absentee ballot and [delete or] are eligible to vote that they can vote in the November 3, 2020 election,  3) deliver an absentee ballot to Plaintiff and any inmates in VCJ who have requested a ballot and are eligible to vote, including those who have not been registered to vote [delete: after being informed by VCJ officials that they can vote], no later than Monday, November 2, 2020 so that Plaintiff  and other VCJ detainees can fill out their absentee ballot and any required registration forms, and 4) after completion, deliver to the Ventura County Voter's registrar Plaintiff's ballot and every other eligible VCJ detainee ballot who has requested a ballot from VCJ no later than 5:00 p.m.  on November 3, 2020.  [Delete: so that all eligible VCJ detainees who desire to vote and fill out absentee ballot are timely counted in this year's election].  This order applies to all VCJ facilities, the Main Jail, Todd Road, Honor Farm and East Jail.  If the County Registrar cannot determine eligibility for any detainees who have requested ballots in time, Ventura will provide ballots to any detainee who has requested one and they will be allowed to have their ballot casted provisionally for determination by the County Registrar of their eligibility.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

Dated:  November 1, 2020          Kaye, McLane, Bednarski & Litt, LLP


By: */s/ David S. McLane*
           DAVID S. MCLANE
           Attorneys for Petitioners/Plaintiffs


Dated: November 1, 2020          The Law Offices of Brian A. Vogel, PC


By: */s/ Brian A. Vogel*
           BRIAN A. VOGEL
               Attorneys for Petitioners/Plaintiffs

## I.    INTRODUCTION

In the Opposition, the County states that, "the relief requested is neither authorized by law nor, as set forth in the attached declaration of Patricia Salas and Cecil Argue, necessary in light of the fact the Ventura County Sheriff's Office already has processes and procedures in place to facilitate all inmate requests to vote and to received absentee ballots and the fact that the Sheriff's Office has actively assisted Plaintiff in obtaining a ballot."

As a factual and legal matter, the actual practices, as demonstrated by the affidavit of Plaintiff Cannavan, are constitutionally deficient and violate the rights Mr. Cannavan and the putative class.  The fact is, as will be discussed below, Mr. Cannavan timely requested a ballot and still has not received one. Thus, his rights are being violated.  The only remedy that works is for the County to deliver him a ballot, have him fill it out, collect it, and timely deposit with the County Registrar by 5:00 pm November 3, 2020.

Despite the fact that Mr. Cannavan timely requested a ballot, he still has not received one.  The declaration by Ms. Salas discussing Mr. Cannavan's situation does not say they provided him a ballot, only that a ballot would be mailed.  He still has not received one.  (McLane decl., ¶ 2).

With respect to the putative class, the fact that they have procedures in place, does not establish that those procedures have been followed in this election.  Mr. Vogel, co-counsel, met with Mr. Cannavan on November 1, 2020, and he will be filing his own supplemental declaration, where Mr. Cannavan provided him the names of 3 other detainees who requested ballots and did not receive one. (McLane decl., ¶ 2).  Thus, what we have is the tip of the iceberg, and there are,

according Mr. Cannavan, at least 100 individuals who have requested ballots and not been allowed to vote per his conversation with sheriff deputies.

We do not know from Ms. Argue's declaration basic facts such as how many persons in custody have requested ballots, how many persons have actually received ballots, and how many detainees have actually voted.  The fact a policy is in place does not establish that it has been followed, or that is the actual practice and procedure, and her declaration does not establish that is has been followed with respect to the November 3, 2020 election, which we would know if basic facts were provides such as how many detainees have requested to vote, and how many were provided ballots and actually voted. We know for a fact the procedures were not followed with respect to Mr. Cannavan.

The TRO is necessary since we do not know how many persons in VCJ custody have requested to vote and not been allowed to vote.

## II.   PLAINTIFFS NEED ADDITIONAL DISCOVERY PRIOR TO A HEARING FOR A PRELIMINARY INJUNCTION, BUT WE HAVE SUFFICIENT INFORMATION FOR A TRO

We need to know the following going forward:

(1) A list of all of the VCJ inmates who have requested ballots, who requested to register to vote, and were eligible to vote for the November 3, 2020 election, and all documents reflecting the VCJ inmates requesting ballots.

(2) A list of all the VCJ inmates who were provided with voter registration forms for the November 3, 2020 election, and any documentation to that effect.

(3) A list of all of the VCJ inmates who were given a ballot by Ventura County, and any documentation to that effect.

(4) A list of all the VCJ inmates who actually voted, and any documentation to that effect.

(5) All kites or communications requesting ballots/registration forms by detainees for the November 3, 2020 election.

(6) All grievances and resolution of grievances of VCJ detainees for the November 3, 3030 election. The Supreme Court has also already ruled that, once absentee voting is part of the scheme for elections, all absentee votes must have similar guarantees that their votes count as much as possible, the same as any other person's. *O'Brien v. Skinner,* 414 U.S. 524, 530 (1974).

(7) The current written policies and procedures governing voting by detainees at the VCJ.

(8) Deposition of the PMK to determine what policies and practices are actually followed.

## III.   MR. CANNAVAN'S RIGHTS HAVE BEEN VIOLATED AND SUPPORTS THE REQUESTED TRO FOR THE ENTIRE CLASS

The County claims the requested relief is not authorized by law or necessary. Mr. Cannavan's situation demonstrates that neither proposition is correct. Ms. Salas claims that Mr. Cannavan's rights have been respected, and that the County has done everything to get him a ballot, but they were not since she did not provide him an actual ballot and he has not been allowed to vote.

His rights have not been respected this entire process. If they had been, he would have already voted. Since June 3, he has requested a ballot. He did not receive one upon repeated requests, June 3, July 30, August 7, and August 27. He

was informed that it was too late to get a ballot on October 28, 2020. (Cannavan decl. ¶¶ 4-5; *see also* grievance forms, Exhibit A).  If they had follow the supposed procedures, he would have received a ballot from Inmate Services, filled it out, and Inmate Services would have collected it and deposited it in the voting mailbox outside the Ventura Hall of Administration according to the declaration by Ms. Argue.  But none of that happened since the County does not follow its procedures.

The County admitted the do not follow their procedures to Mr. Cannavan when a deputy told him when Mr. Cannavan met with them to discuss the fact he had not been allowed to vote, that there were "100 or so other inmates who I have been told by County Sheriff's deputies when I met with them to discuss that I had not received my ballot to vote that are in the same position as me who have requested ballots but have not received them."  He also spoke to "several detainees who have told me they also requested ballots but have not received them." (Cannavan decl., ¶8).  The so-called procedures make look fine on paper, but are not followed in practice.

Plaintiffs are dependent on the County to give absentee ballots since they are detained against their will in jail, and particularly dependent on official actors, Defendant Sheriff and County, to ensure that their votes will count as much as possible, the same as any other person's.  Without being provided their ballots by the County, they will not be able to vote at all, and they are "simply not allowed to use the absentee ballot and are denied any alternative means of casting their vote," and thus the Defendants' actions are unconstitutional.  *O'Brien v. Skinner,* 414 U.S. 524, 430 (1974)(failure to provide absentee voter registration to people held in jail awaiting trial is unconstitutional).

Further, it is not too late for Mr. Cannavan to vote, or any inmate who has not been allowed to register to vote.  For Mr. Cannavan, all the County has to do is

give him a ballot, allow him to fill it out, and then deposit it for him with the County Registrar.  Ms. Argue in her declaration states, that when the inmate has fills out the "Inmate Vote by Mail Application,"  the County Registrar will give the VCJ the ballots, which will be filled out by the inmate, and then the VCJ will deposit the ballots in a drop off box at the Hall of Administration. With respect to Mr. Cannavan this procedure was not followed.  Ms. Salas in her declaration states that Mr. Cannavan's ballot would be mailed to him.  If one reviews Ms. Salas declaration, the County failed to follow any of the written procedures by failing to provide him after he requested a ballot the "Inmate Vote by Mail Application", or directly providing him in person the actual ballot.  How many other inmates have the County failed to follow procedures?

Even detainees who have requested to vote, and have not submitted a voter registration, should be allowed to vote.  If there are detainees who are eligible to vote and requested ballots, the County is required to ensure the required registration form and ballot is provided them since in California, a person is allowed to register to vote and vote on election day.  Under SB 72, a law passed in 2019, California allows for same day registration up to including election day). (*See* McLane decl., ¶ 3, *see* Exhibit B, Los Angeles Times, October 8, 2019, exhibit C,  SB 72 Conditional Voter Registration, exhibit D, Secretary of State, conditional voting, exhibit E, and Ventura County Registrar, conditional vote). Thus, detainees who have requested a ballot must be allowed to vote and register to vote as required by law up to and including election day.

Under the *Obrien v. Skinner* rule, the Defendants have violated Mr. Cannavan's rights, and the other detainees who have requested ballots and not been able to vote.

## IV.   THE TRO AND CLASS CERTIFICATION AND DESIGNATION OF CLASS COUNSEL REQUESTS SHOULD BE GRANTED

The County provides no arguments that the TRO and Class certification requests should not be granted.   We know that the so-called procedures were not, and still not, have been followed with respect to Mr. Cannavan, and other detainees who have requested their right to vote in the November 3, 2020 election.  Mr. Cannavan has provided the names of at least 3 other individuals who requested a ballot but have not been allowed to vote, as detailed in a declaration by Mr. Vogel which will be submitted to the Court, and a deputy told Mr. Cannavan that there at least 100 others who are in his situation, requesting a ballot but not allowed to vote.  Unlike citizens who if they do not receive an absentee ballot can show up at a polling place, detainees are totally dependent on a State actor, the County, to exercise their fundamental right, and they have failed Mr. Cannavan and an untold number of detainees.

We also know the VCJ procedures and practices that are actually followed are deficient.  While Ms. Argue claims that the VCJ will deliver ballots provided by the County Registrar to all detainees who have requested to vote, we know that in practice it does not happen, as established with Mr. Cannavan where he has still not been provided with a ballot.  They did not follow the claimed procedures by allegedly having the County Registrar mail a ballot to him when it should have been delivered to him.  Thus, the procedures are constitutionally deficient because they do not ensure that persons requesting ballots actually receive them; that they do not provide ballots to those who have submitted kites as detailed in the Orientation Pamphlet, that they make persons file grievances to possible obtain ballots, that there are no procedures in place for same day registration and voting

as provided in SB 72, and there is no mechanisms in place to ensure that persons requesting to vote actually get to vote.  They do not inform detainees of the actual procedures and hurdles they have to surmount, all they receive is the Orientation Manual which has one line, "Voting.  Inmates who are eligible and interested in voting in any election may do so by submitting a KITE to Inmate Services requesting the necessary documents."  (Exhibit F). There is nothing about the steps needed to follow, nothing about posting information in the jail about voting, just one line in an Orientation Manual.  They do not provide any procedures for late registration within the two weeks of voting after the deadline for registration, as is required by California law for same day registration, and they have no procedures in place for detainees where it is the County's fault in processing their voting requests to ensure that the detainees are allowed to cast ballots.

The class, **all eligible voters who have requested ballots**, imposes no voter outreach burden on the County.  The modified relief, which imposes no burden on the County to determine eligible detainee voters, only requires that the County provide ballots to all those detainees who have requested them.  This is no less than the Constitution and law requires.  They cannot, as they did with Mr. Cannavan, fail to provide a ballot in person.

For the foregoing reasons, the Plaintiffs request that this TRO be granted by November 2, 2020.

Respectfully Submitted,

Dated:  November 1, 2020          Kaye, McLane, Bednarski & Litt, LLP


By: */s/ David S. McLane*
　　　DAVID S. MCLANE
　　　Attorneys for Petitioners/Plaintiffs

Dated: November 1, 2020                The Law Offices of Brian A. Vogel, PC

                                       By: */s/ Brian A. Vogel*
                                           BRIAN A. VOGEL
                                           Attorneys for Petitioners/Plaintiffs