# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-10012 FMO (PVCx)** | Date | **November 1, 2020** |
|---|---|---|---|
| Title | **Patrick Allen Cannavan v. County of Ventura, <u>et</u> <u>al</u>.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order Re: Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction [5]**

Having reviewed and considered all the briefing submitted with respect to Patrick Allen Cannavan's ("plaintiff") <u>Ex</u> <u>Parte</u> Application for Temporary Restraining Order and Motion for Preliminary Injunction (Dkt. 5, "Application"), the court finds that oral argument is not necessary to resolve the Application, <u>see</u> Fed. R. Civ. P. 78(b); Local Rule 7-15; <u>Willis v. Pac. Mar. Ass'n</u>, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Plaintiff is a pretrial detainee at Ventura County Jail ("VCJ") in Santa Paula, California. (<u>See</u> Dkt. 5-1, Declaration of Patrick Cannavan ("Cannavan Decl.") at ¶ 2).  Despite seeking assistance from VCJ staff to obtain his absentee ballot on July 30, August 7, and August 27, 2020, plaintiff was informed on October 28, 2020, that "it was too late to vote and [VCJ] would not be able to get [plaintiff] an absentee ballot and deliver it to the county registrar so [his] vote would be counted in [the] Tuesday, November 3, 2020 election." (<u>Id.</u> at ¶¶ 4-5).  Accordingly, plaintiff filed the instant Application on an emergency <u>ex</u> <u>parte</u> basis, seeking an order requiring defendants to "1) obtain Plaintiff's and all eligible voters in VCJ custody absentee ballots immediately, 2) notify all inmates in VCJ who have requested an absentee ballot or are eligible to vote that they can vote in the November 3, 2020 election,  3) deliver an absentee ballot to Plaintiff and any inmates in VCJ who have requested a ballot . . . no later than Monday, November 2, 2020 . . . , and 4) after completion, deliver [the ballots] to the Ventura County Voter's registrar . . . no later than 5:00 p.m. on November 3, 2020[.]" (Dkt. 5, Application at 4).

Rule 65 provides courts with the authority to issue temporary restraining orders and preliminary injunctions. Fed. R. Civ. P. 65(a) & (b).  The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered, <u>see</u> <u>U.S. Philips Corp. v. KBC Bank N.V.</u>, 590 F.3d 1091, 1094 (9th Cir. 2010), while the purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held. <u>See</u> <u>Wahoo Intern., Inc. v. Phix Doctor, Inc.</u>, 2014 WL 2106482, *2 (S.D. Cal. 2014).  The standards for a temporary restraining order and a preliminary injunction are the same. <u>See</u> <u>Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.</u>, 240 F.3d 832, 839 n. 7 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-10012 FMO (PVCx)** | Date | **November 1, 2020** |
|---|---|---|---|
| Title | **Patrick Allen Cannavan v. County of Ventura, et al.** | | |

Cir. 2001); Rowe v. Naiman, 2014 WL 1686521, *2 (C.D. Cal. 2014) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.").

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20, 129 S.Ct. at 374; Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (same). The Ninth Circuit also employs a "sliding scale" formulation of the preliminary injunction test under which an injunction could be issued where, for instance, "the likelihood of success is such that serious questions going to the merits [are] raised and the balance of hardships tips sharply in plaintiff's favor[,]" Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (internal quotation marks and brackets omitted), provided the other elements of the Winter test are met. Angelotti Chiropractic, Inc. v. Baker, 791 F.3d 1075, 1081 (9th Cir. 2015) ("Serious questions going to the merits and hardship balance that tips sharply towards plaintiffs can also support issuance of a preliminary injunction, so long as there is a likelihood of irreparable injury and the injunction is in the public interest.") (internal quotation marks and brackets omitted).

"Likelihood of success on the merits is the most important Winter factor[.]" Disney Enterprises, Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017) (internal quotation marks omitted). Here, plaintiff, a registered voter, (see Dkt. 16-2, Declaration of Patricia Salas ("Salas Decl.") at ¶ 3), contends that the failure of the County of Ventura ("County") and Ventura County Sheriff Bill Ayub (collectively, "defendants") to provide him with his absentee ballot constitutes a denial of his First and Fourteenth Amendment rights under the Constitution. (See Dkt. 5, Application at 4-5).

The United States Supreme Court has long held that the right to vote is "a fundamental political right[.]" Reynolds v. Sims, 377 U.S. 533, 562, 84 S.Ct. 1362, 1381 (1964). The importance of this fundamental right is underscored by its function in a democratic society. See id. at 562, 84 S.Ct. at 1381 ("[T]he right to exercise the franchise in a free and unimpaired manner is preservative of other basic civil and political rights[.]"). Indeed, "[n]o right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." Williams v. Rhodes, 393 U.S. 23, 31, 89 S.Ct. 5, 10 (1968) (internal quotation marks omitted).

To determine the constitutionality of defendants' procedures relating to absentee ballots, the court must weigh "the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate against the precise interests put forward by the State as justifications for the burden imposed by its rule, taking into consideration the extent to which those interests make it necessary to burden the plaintiff's rights." Burdick v. Takushi, 504 U.S. 428, 434, 112 S.Ct. 2059, 2063 (1992) (internal quotation marks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-10012 FMO (PVCx)** | Date | **November 1, 2020** |
|---|---|---|---|
| Title | **Patrick Allen Cannavan v. County of Ventura, <u>et</u> <u>al</u>.** | | |

omitted).  Strict scrutiny review applies where the measure in question severely burdens plaintiff's rights, and rational basis review applies where the procedures "impose[ ] only reasonable, nondiscriminatory restrictions upon the First and Fourteenth Amendment rights of [plaintiff.]"  <u>Id.</u> (internal quotation marks omitted).

"Because of the unique nature of correctional facilities, in which jail staff control nearly all aspects of inmates' daily lives, most everything provided to inmates is a public service, program or activity, including sleeping, eating, showering, toileting, communicating with those outside the jail by mail and telephone, exercising, entertainment, safety and security, [and] medical, mental health and dental services[.]"  <u>Hernandez v. County of Monterey</u>, 110 F.Supp.3d 929, 935-36 (N.D. Cal. 2015).  Strict scrutiny review is thus appropriate because defendants' procedures severely burden plaintiff's right to vote due to the nature of his incarceration.  <u>See</u> <u>Burdick</u>, 504 U.S. at 434, 112 S.Ct. at 2063. Plaintiff, as a pretrial detainee in the custody of the Ventura County Sheriff, has no option but to rely on defendants to provide him with an absentee ballot and timely submit it to the Ventura County Registrar of Voters.  Defendants accordingly bear the burden of demonstrating that their absentee ballot procedures, as applied to plaintiff, are "narrowly drawn to advance a state interest of compelling importance."  <u>Hussey v. City of Portland</u>, 64 F.3d 1260 (9th Cir. 1985) (internal quotation marks omitted).

Defendants contend that the relief plaintiff seeks is both "inappropriate and unnecessary" because "the Ventura County Sheriff's Office already has processes and procedures in place to facilitate all inmate requests to register to vote and to receive absentee ballots and the fact that the Sheriff's Office has actively assisted Plaintiff Cannavan in obtaining a ballot."  (<u>See</u> Dkt. 16, Defendants' Opposition to <u>Ex</u> <u>Parte</u> Application for Temporary Restraining Order ("Opp") at 1-2). Defendants also contend that the Sheriff's Office (1) "is not obligated to engage in voter outreach with its inmate population and does not have to make efforts to register voters or request ballots for inmates who make no such request[;]" and (2) "cannot change" the October 19, 2020, deadline to register to vote, or the October 27, 2020, deadline to request an absentee ballot.[1]  (<u>Id.</u> at 2).

Defendants submit two declarations in support of their Opposition  – a declaration by Cecil Argue ("Argue"), Inmate Programs Manager for the Ventura County Sheriff's Office ("Office"), and a declaration by Patricia Salas ("Salas"), a Custody Commander for the Office.  (<u>See</u> Dkt. 16-1, Declaration of Cecil Argue ("Argue Decl."); (Dkt. 16-2, Salas Decl.).  Argue attests to the Office's standard procedure to enable eligible inmates to vote by absentee ballot.  (<u>See</u> Dkt. 16-1, Argue

---

[1]  Defendants also argue that they were not "properly served with the complaint in this matter or the application for a temporary restraining order[.]"  (Dkt. 16, Opp. at 1).  Plaintiff's Complaint and Application were both filed on October 30, 2020, (<u>see</u> Dkt. 1, Complaint); (Dkt. 5, Application), and plaintiff filed two proofs of service on the same day demonstrating service of these documents on defendants.  (<u>See</u> Dkt. 12, Proof of Service of Summons and Complaint); (Dkt. 15, Proof of Service of Application).  Defendants fail to otherwise explain why service of the subject documents was ineffective.  (<u>See</u>, <u>generally</u>, Dkt. 16, Opp.).  In any event, the court finds plaintiff properly effected service on defendants.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-10012 FMO (PVCx)** | Date | **November 1, 2020** |
|---|---|---|---|
| Title | **Patrick Allen Cannavan v. County of Ventura, <u>et</u> <u>al</u>.** | | |

Decl. at ¶¶ 2-3).  Salas describes her October 23, 2020, response to plaintiff's inmate grievance form regarding his request for an absentee ballot.  (<u>See</u> Dkt. 16-2, Salas Decl. at ¶ 2).  After Salas determined that plaintiff was registered to vote, she called the Elections Division of the Ventura County Clerk's Office for assistance.  (<u>See</u> <u>id.</u> at ¶¶ 3-4).  She learned that plaintiff's ballot was sent to his home in Thousand Oaks, California, where he resided prior to his incarceration.  (<u>See</u> <u>id.</u> at ¶ 4).  According to Salas, she requested, and the representative from the Elections Division confirmed, that a new absentee ballot would be mailed to plaintiff at VCJ.  (<u>See</u> <u>id.</u> at ¶¶ 5-6).  Salas does not provide any indication in her declaration as to whether she ever followed-up to ensure that plaintiff received his absentee ballot.  (<u>See</u>, <u>generally</u>, <u>id.</u>).

Defendants' contentions are unpersuasive and fail to grasp the crux of plaintiff's Application. Plaintiff is not asking defendants to "engage in voter outreach with its inmate population[,]" (Dkt. 16, Opp. at 2), nor is plaintiff seeking any exceptions to the voter registration or absentee ballot request deadlines.  (<u>See</u> <u>id.</u>).  As  Salas herself determined, plaintiff is registered to vote and requested an absentee ballot prior to the October 27, 2020, deadline.  (<u>See</u> Dkt. 16-2, Salas Decl. at ¶¶ 2-3).  Although defendants  assert that the relief requested is "unnecessary" because they "actively assisted Plaintiff Cannavan in obtaining a ballot[,]" (<u>see</u> Dkt. 16, Opp. at 1-2), defendants failed to provide any  evidence that Cannavan actually received a ballot.  (<u>See</u>, <u>generally</u>, <u>id.</u>). Despite Salas's claim that she requested an absentee ballot be mailed to plaintiff on October 23, 2020, (<u>see</u> Dkt. 16-2, Salas Decl. at ¶¶ 5-6), plaintiff still has not received a ballot, (<u>see</u> Dkt. 5-1, Cannavan Decl. at ¶¶ 6-7), and Salas's declaration does not address whether a ballot was actually delivered to plaintiff.  (<u>See</u>, <u>generally</u>, Dkt. 16-2, Salas Decl.).  Without evidence that plaintiff timely received his absentee ballot (after timely submitting multiple requests for it), any "assistance" is meaningless because the purpose of it has not been achieved.

Further, that defendants generally have a procedure in place to assist inmates in receiving absentee ballots does not establish that the County's procedure has been followed in this instance, <u>i.e.</u>, with respect to the November 3, 2020 election.  The County's procedure is necessarily deficient where, despite multiple requests from plaintiff, (<u>see</u> Dkt. 5-1, Cannavan Decl. at ¶ 4), he never received his absentee ballot and was informed, five days prior to Election Day, that "it was too late to vote[.]" (<u>Id.</u> at ¶ 5).  Indeed, plaintiff began requesting an absentee ballot from defendants as early as July 2020, a fact which defendants do not contest, (<u>see</u>, <u>generally</u>, Dkt. 16, Opp.), and the only evidence of defendants' attempt to assist plaintiff occurred on October 23, 2020, less than two weeks before Election Day.  (<u>See</u> Dkt. 16-2, Salas Decl. at ¶ 2).  Also, it is unclear why defendants informed plaintiff on October 28, 2020, that it was too late for him to vote by absentee ballot given that Salas informed plaintiff on October 23, 2020, that his absentee ballot was being mailed to him.  (<u>See</u> <u>id.</u> at ¶ 7).

In short, defendants have failed to carry their burden of demonstrating that their absentee ballot procedure, as applied to plaintiff, survives strict scrutiny; plaintiff is thus likely to succeed on the merits of his claim.  <u>See</u>, <u>e.g.</u>, <u>Firearms Policy Coalition Second Amendment Defense Committee v. Harris</u>, 192 F.Supp.3d 1120, 1128-29 (E.D. Cal. 2016) (granting preliminary injunction and finding plaintiff likely to succeed on merits of claim where defendants failed to carry

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-10012 FMO (PVCx)** | Date | **November 1, 2020** |
|---|---|---|---|
| Title | **Patrick Allen Cannavan v. County of Ventura, <u>et</u> <u>al</u>.** | | |

burden of demonstrating that state action survived strict scrutiny review).  Plaintiff has also demonstrated that he will suffer irreparable harm in the absence of a temporary restraining order, as he will be denied his right to vote, despite registering to vote and timely requesting an absentee ballot on multiple occasions in July and August 2020. (<u>See</u> Dkt. 5-1, Cannavan Decl. at ¶ 4); <u>Cardona v. Oakland Unified School Dist.</u>, 785 F.Supp. 837, 840 (N.D. Cal.1992) ("Abridgement or dilution of a right so fundamental as the right to vote constitutes irreparable injury.").  Finally, "the balance of hardships tips sharply in plaintiff's favor[,]" <u>Cottrell</u>, 632 F.3d at 1131 (internal quotation marks omitted), and the public interest favors a temporary restraining order, because "the right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government." <u>Democratic National Committee v. Hobbs</u>, 948 F.3d 989, 998 (9th Cir. 2020) (internal quotation marks omitted).

Based on the foregoing, IT IS ORDERED THAT:

1.  Plaintiff's <u>Ex</u> <u>Parte</u> Application for Temporary Restraining Order and Motion for Preliminary Injunction **(Document No. 5)** is **granted in part** and **denied in part**.  Plaintiff is granted a temporary restraining order as set forth below.

2.  Defendants shall:

A.  Immediately obtain plaintiff's and all class members'[2] absentee ballots and deliver the absentee ballots to plaintiff and the class members no later than **November 2, 2020**, at **5:00 p.m.**;

B.  No later than **November 2, 2020**, at **9:00 p.m.**, file a declaration, signed under the penalty of perjury, that: (1) identifies all class members; (2) attests to the delivery of the absentee ballots to plaintiff and all class members; and (3) attests to the time of the aforementioned delivery;

C.  No later than **November 3, 2020**, at **5:00 p.m.,** deliver all absentee ballots completed by plaintiff and the class members to the Ventura County Registrar of Voters; and

D.  No later than **November 4, 2020**, at **12:00 p.m.,** file a declaration, signed under the penalty of perjury, that: (1) identifies all class members, including plaintiff, who completed an absentee ballot; and (2) sets forth the time of delivery of the completed absentee ballots to the Ventura County Registrar of Voters.

---

[2]  The class is defined in the court's concurrently-filed order regarding plaintiff's <u>Ex</u> <u>Parte</u> Application for Class Certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 20-10012 FMO (PVCx)** | Date | **November 1, 2020** |
|---|---|---|---|
| Title | **Patrick Allen Cannavan v. County of Ventura, et al.** | | |

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |