DAVID S. McLANE, SBN 124952
dmclane@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7600
Facsimile: (626) 844-7670

BRIAN A. VOGEL, SBN. 167413
Email: brian@bvogel.com
THE LAW OFFICES OF
BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, California 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ALLEN CANNAVAN,<br><br>   *Plaintiffs*,<br><br> vs.<br><br>COUNTY OF VENTURA,<br>VENTURA COUNTY SHERIFF<br>BILL AYUB, and DOES 1-10,<br>inclusive,<br><br>   *Defendants* | **Case No.: 2:20-cv-10012-FMO-PVCx**<br><br>**PLAINTIFFS' OBJECTIONS TO COUNTY'S RESPONSE TO TRO, AND EX PARTE APPLICATION FOR ORDER TO INFORM ELIGIBLE VOTERS NOT JUST REGISTERED VOTERS AND PROVIDE BALLOTS TO ELIGIBLE VOTERS IN ADDITION TO REGISTERED VOTERS; [PROPOSED] ORDER FILED CONCURRENTLY**<br><br><span style="color:red">**[Emergency application requesting relief as soon as practicable on November 3, 2020]**</span> |

1

**OBJECTIONS AND EX PARTE APPLICATION TO REQUEST
DEFENDANT COUNTY TO PROVIDE BALLOTS TO ALL ELIGIBLE
VOTERS NOT JUST REGISTERED VOTERS**

Plaintiffs Patrick Allen Cannavan and Class members hereby file the following objections, and ex parte application to require County to inform all eligible, not just registered voters, of their right to vote and provide ballots to them. Because the election is tomorrow, we request that the Court enter an order right away to require the County to inform all eligible Ventura County inmate voters who have requested ballots of their right to vote and provide them ballots, pursuant to the procedures the County followed as outlined in the declaration of Ventura County Assistant Sheriff Eric Dowd, Dkt. 24-1.

In the Court's order, the Court ordered that the County immediately obtain absentee ballots for Plaintiff and Class members no later than November 2, 2020, by 5:00 p.m.  Dkt. 21.  The TRO order defined class members in the order provisionally certifying the Class, Dkt. 20, as those in the County jail who are "**eligible voters** who have requested ballots."  The declaration of Eric Dowd indicates that the announcement made to detainees stated:

"Anyone who is **registered to vote**, has requested a ballot, and has not received a ballot, please make yourself known."  Dowd decl., ¶ 2a. Emphasis added.

The TRO requires any Ventura County detainee who is eligible not just registered be informed of their right to receive a ballot who has requested a ballot. Thus, the procedures outlined by Dowd constrict the number of voters since the class of registered voters is less than that of eligible voters.  We agree with the Assistant Sheriff Dowd's declaration not "require that an inmate confirm or otherwise state that he or she had previously requested a ballot but had not

1

received one," Dowd, decl., ¶ 4, because otherwise that would impose an undue
burden that an inmate prove he made such a request and lead to delay and
unwarranted denials of ballots, and Dowd's procedure should remain in place.

Plaintiffs request that the Court order immediately that the County follow
the procedures outlined in the Dowd declaration, except that they inform detainees
instead,

"Anyone who is **eligible to vote**, [who] has requested a ballot, and has not
received a ballot, please make yourself known."

This is necessary because based on Dowd's declaration, only 79 inmates
from Pre-Trial Detention Facility ("PTDF") and Todd Road Jail ("TRJ") requested
ballots, which appears to be a very low request rate.  Based on an article written by
Megan Diskin, Ventura Star newspaper, March 25, 2020,
https://www.vcstar.com/story/news/local/2020/03/25/coronavirus-ventura-county-
jail-population-reduced/2904511001/
there were approximately 1,313 people housed in the Ventura County jail. 79
inmates would be six percent of that population. Let's assume due to COVID-19
the population was reduced to about 1,000 inmates, that would be a return ballot
rate of 7.9 percent, which is extremely low and Plaintiffs would submit is a low
return rate that does not capture all eligible Ventura detainee voters.

It is also necessary, because as established in the Reply brief, one does not
have to be registered to vote prior to the election because California law allows for
same day registration on election day even if one is not registered because on the
day of the election one can vote and register at the same time.  Reply brief, Dkt.
17.  Plaintiffs made clear they were requesting relief for those inmates who were
eligible and had not registered because under California State Law, as established
in the Reply Brief, under SB 72 made into law in 2019, voters could cast ballots
and register on the day of the election.  It was made crystal clear the TRO applied

to not just registered voters, but eligible voters.  Further, the fact the County was not in compliance by failing to register detainee voters who requested ballots should not prevent otherwise eligible voters from voting.

For these reasons, in order to prevent irreparable harm to Plaintiffs Class so they can vote in the November 3, 2020 election, we request the Court issue an immediate order requiring that the County follow the procedures outlined in the Dowd declaration, on the morning of November 3, 2020, and provide all eligible voters who requested ballots a ballot for the November 3, 2020 election (who have not already been provided one), by telling them:

"Anyone who is **eligible to vote**, [who] has requested a ballot, and has not received a ballot, please make yourself known."  The County should also be ordered to follow the same procedures in the Dowd declaration, paragraphs 2a.-e. and 4, including that the County does not "require that an inmate confirm or otherwise state that he or she had previously requested a ballot but had not received one," Dowd, decl., ¶ 4.


Respectfully Submitted,

Dated:  November 2, 2020          Kaye, McLane, Bednarski & Litt, LLP


By: /s/ David S. McLane
        DAVID S. MCLANE
        Attorneys for Petitioners/Plaintiffs


Dated: November 2, 2020          The Law Offices of Brian A. Vogel, PC


By: /s/ Brian A. Vogel
        BRIAN A. VOGEL
        Attorneys for Petitioners/Plaintiff

3