MICHAEL G. WALKER, State Bar No. 150554
County Counsel, County of Ventura
EMILY T. GARDNER, State Bar No. 246980
Principal Assistant County Counsel
MARINA PORCHE, State Bar No. 162809
Assistant County Counsel
800 South Victoria Avenue, L/C #1830
Ventura, California 93009
Telephone:  (805) 654-2583
Facsimile:   (805) 654-2185
E-mail:       marina.porche@ventura.org

Attorneys for Defendants County
of Ventura and Ventura County
Sheriff Bill Ayub

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK ALLEN CANNAVAN, etc.<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF VENTURA, VENTURA COUNTY SHERIFF BILL AYUB, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | No. 2:20 cv-10012 FMO (PVCx)<br><br>DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S VERIFIED CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF<br><br>Judge:  Hon. Fernando M. Olguin<br>Trial:   Not Set<br><br>Complaint Filed:  October 30, 2020 |

Defendants County of Ventura and Ventura County Sheriff Bill Ayub ("Defendants") respond to the complaint ("complaint") of plaintiff Patrick Cannavan, on behalf of himself and all others similarly situated ("Plaintiff") filed on October 3, 2020, as follows:

**RESPONSES TO ALLEGATIONS OF COMPLAINT**

1. There are no factual allegations to admit or deny in this paragraph as this paragraph only states the legal grounds on which Plaintiff bases his complaint. Defendants deny that any eligible inmates were denied their right to vote.

1

2. There are no factual allegations to admit or deny in this paragraph as this paragraph only states the legal grounds on which Plaintiff bases his complaint. Defendants deny that any eligible inmates were denied their right to vote.

3. Defendants admit that during the relevant time period, Plaintiff was an inmate housed at the Todd Road Jail facility near Santa Paula, California. Defendants admit that Plaintiff requested a ballot to vote in the November 3, 2020, election. Defendants admit that Plaintiff was eligible and registered to vote in the November 3, 2020, election. Except as expressly admitted, Defendants deny each and every allegation in this paragraph.

4. Defendants admit that they house inmates at the Todd Road Jail facility and the Pre-Trial Detention Facility (also referred to as the Main Jail) who are eligible to vote. Except as expressly admitted, Defendants deny each and every allegation in this paragraph.

5. There are no factual allegations to admit or deny in this paragraph as this paragraph only states the legal grounds on which Plaintiff's complaint is based. Defendants deny that Plaintiff's rights were violated.

6. Defendants admit that the court has subject matter jurisdiction over this action.

7. Defendants admit venue is proper.

8. There are no factual allegations to admit or deny in this paragraph. Defendants deny Plaintiff is entitled to declaratory relief.

9. Defendants admit that, during the relevant time period, Plaintiff was an inmate housed at the Todd Road Jail. Defendants are informed and believe that Plaintiff is a 56-year old male. Defendants deny that Plaintiff has been denied his constitutional right to vote.

10. Defendants admit that the County of Ventura is a public entity and the Ventura County Sheriff's Office is a constituent agency of the County of Ventura.

///

Defendants admit that Bill Ayub is the elected Sheriff in Ventura County. Defendants admit that the Sheriff's Office operates the following detention facilities in Ventura County: the Pre-Trial Detention Facility; Todd Road Jail; and East County Jail. Defendants admit that during the relevant time periods Plaintiff was an inmate at the Todd Road Jail. Except as expressly admitted, Defendants deny each and every allegation in this paragraph.

11. Defendants admit that Bill Ayub is the elected Sheriff in Ventura County. Defendants admit that the Sheriff's Office operates the following detention facilities in Ventura County: the Pre-Trial Detention Facility; Todd Road Jail; and East County Jail. Defendants admit that during the relevant time periods Plaintiff was an inmate at the Todd Road Jail. Except as expressly admitted, Defendants deny each and every allegation in this paragraph.

12. Defendants admit that there was an election on November 3, 2020, with a variety of matters on which to vote. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and on that basis deny the allegations.

13. Defendants deny each and every factual allegation in this paragraph.

14. Defendants admit that during the relevant time period, Plaintiff was an inmate housed at the Todd Road Jail. Defendants also admit that Plaintiff is awaiting trial on felony charges and has been in Sheriff's Office custody since July 18, 2018.

15. Defendants admit that Plaintiff was eligible and registered to vote for the November 3, 2020, election. Defendants admit Plaintiff requested a ballot to vote in the November 3, 2020, election. Defendants admit that Sheriff's Office employees informed Plaintiff they would help him get a ballot for the November 3, 2020, election. Except as expressly admitted, Defendants deny each and every remaining factual allegation in this paragraph.

///

16. Defendants deny each and every factual allegation in this paragraph.

17. There are no factual allegations to admit or deny in this paragraph as this paragraph only states the legal grounds on which Plaintiff bases his complaint. Defendants deny that a class action is appropriate and deny that Plaintiff is entitled to any of the remedies he seeks.

18. Defendants deny each and every factual allegation in this paragraph.

19. Defendants deny each and every factual allegation in this paragraph.

20. There are no factual allegations to admit or deny in this paragraph. Defendants deny that a class action is appropriate.

21. There are no factual allegations to admit or deny in this paragraph. Defendants deny that a class action is appropriate.

22. There are no factual allegations to admit or deny in this paragraph. Defendants deny that a class action is appropriate.

23. Defendants deny each and every factual allegation in this paragraph.

24. There are no factual allegations to admit or deny in this paragraph. Defendants deny that a class action is appropriate.

25. There are no factual allegations to admit or deny in this paragraph. Defendants deny that a class action is appropriate and deny that Plaintiff's or any other inmate's right to vote was violated.

26. Defendants deny each and every factual allegation in this paragraph.

27. Defendants deny each and every factual allegation in this paragraph.

28. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations.

29. There are no factual allegations to admit or deny in this paragraph. Defendants deny that a class action is appropriate and deny that Plaintiff's or any other inmate's right to vote was violated.

///

**DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S VERIFIED CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

30. There are no factual allegations to admit or deny in this paragraph. Defendants deny that a class action is appropriate and deny that Plaintiff's or any other inmate's right to vote was violated.

31. Defendants incorporate by reference their responses to paragraphs 1 through 30, herein.

32. There are no factual allegations to admit or deny in this paragraph.

33. There are no factual allegations to admit or deny in this paragraph.

34. There are no factual allegations to admit or deny in this paragraph.

35. Defendants deny they failed to provide ballots to inmates who were registered to vote and who requested ballots. Defendants further deny that Plaintiff's or any other inmate's right to vote was violated.

36. Defendants deny each and every factual allegation in this paragraph.

37. Defendants deny each and every factual allegation in this paragraph.

38. Defendants incorporate by reference their responses to paragraphs 1 through 37 herein.

39. There are no factual allegations to admit or deny in this paragraph.

40. There are no factual allegations to admit or deny in this paragraph.

41. There are no factual allegations to admit or deny in this paragraph.

42. Defendants deny each and every factual allegation in this paragraph.

43. Defendants deny each and every factual allegation in this paragraph.

44. Defendants incorporate by reference their responses to paragraphs 1 through 43 herein.

45. There are no factual allegations to admit or deny in this paragraph.

46. Defendants deny each and every factual allegation in this paragraph.

47. Defendants deny each and every factual allegation in this paragraph.

48. Defendants incorporate by reference their responses to paragraphs 1 through 47 herein.

49. Defendants deny each and every factual allegation in this paragraph.

50. Defendants deny Plaintiff is entitled to declaratory relief.

51. Defendants incorporate by reference their responses to paragraphs 1 through 50 herein.

52. Defendants deny each and every factual allegation in this paragraph.

53. Defendants deny Plaintiff is entitled to declaratory relief.

## PRAYER FOR RELIEF

54. Defendants deny Plaintiff is entitled to the relief he seeks, including attorney fees. Defendants further deny that Plaintiff is entitled to declaratory relief or class certification.

## AFFIRMATIVE DEFENSES

Defendants' investigation into this case is ongoing. Defendants assert the following affirmative defenses based upon facts presently known, but reserve the right to supplement these defenses should they learn of additional facts giving rise to an affirmative defense not stated below.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants are entitled to absolute and/or qualified immunity for their alleged actions and/or omissions, including to the extent that any defendant is a state actor immune from claims asserted under 42 United States Code section 1983.

## SECOND AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to timely present a claim to the County of Ventura as required by Government Code section 900 et seq.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because and to the extent that the complaint fails to state required elements of each cause of action alleged or otherwise fails to adequately establish a prima facie case against Defendants.

///

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are not liable for the acts or omissions of their employees which occurred outside the scope of those employees' employment with the County of Ventura and/or the Ventura County Sheriff's Office.

## SIXTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred because there is no municipal policy, practice or custom that resulted in a constitutional deprivation.

## SEVENTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred because Defendants' policy was in furtherance of a compelling government interest and the regulation was the least restrictive means to further that interest.

## EIGHTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred because Defendants' policy was not a substantial burden on Plaintiff's right to vote.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because such claims are moot.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because and to the extent that Plaintiff's own conduct, acts, omissions and/or negligence caused or contributed to any damages he claims to have suffered.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith and without malicious intent in connection with the conduct alleged in the complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on the doctrines of waiver and estoppel in that the conduct, actions and inactions of Plaintiff amount to and constitute a waiver of any right Plaintiff may have had in reference to the matters alleged in the complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because and to the extent that Plaintiff assumed risks that caused or contributed to the harm he claims to have suffered.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because and to the extent that Plaintiff has unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to lack of proper or effective service.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because even if Plaintiff suffered any actual damages, Plaintiff failed to mitigate such damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred for the failure to fully exhaust Ventura County Sheriff Office administrative remedies pursuant to the Prison Litigation Reform Act. (42 U.S.C. § 1997e, subds. (a), (h).)

### EIGHTEENTH AFFIRMATIVE DEFENSE

As prison officials charged with executing facially valid court orers in this action, Defendants enjoy absolute immunity from section 1983 liability for the conduct prescribed by those court orders. (*Engebretson v. Mahoney* (9th Cir. 2013) 724 F.3d 1034.)

///

**PRAYER**

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of the complaint and that judgment be rendered in favor of Defendants;

2. That Defendants be awarded costs of suit incurred in defense of this action; and

3. For such other relief as the court deems proper.

**JURY DEMAND**

In the event that the action reaches trial and without prejudice to their right to make trial dismissal motions, Defendants demand that trial be to a jury, in accordance with Federal Rule of Civil Procedure 38(b)(1).

MICHAEL G. WALKER
County Counsel, County of Ventura

Dated: February 3, 2021     By _____/s/_____

MARINA PORCHE
Assistant County Counsel

Attorneys for Defendants County of Ventura and Ventura County Sheriff Bill Ayub

**DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S VERIFIED CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**